M Norman Hammerlord
3955 Park Blvd    #303
San Diego, CA    92103
619) 807-4218
m1831@att.net

R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUL 2 8 2025

FILED_____
DOCKETEC_____
                DATE        INITIAL

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

M NORMAN HAMMERLORD,                )
                                     )        No. 24-1095
        Plaintiff – Appellant,       )
                                     )        D.C.  3:23-cv-00663-JO-KSC
Versus                               )
                                     )
MARA W ELLIOTT, San Diego City )       PETITION FOR PANEL
Attorney; TODD GLORIA San Diego )      REHEARING - MOTION
City Mayor,                          )        TO STAY THE MANDATE
                                     )
        Defendants – Appellees.  )
_____)

In accordance with FRAP Rule 40, Plaintiff/Appellant seeks a panel

rehearing pertaining to the 17 July 2025 Memorandum (disposition) which

found that he failed to file a timely notice of appeal.  Grounds exist to show

that a material point of fact or law was overlooked in the decision to deny all

pending motions. The memorandum is attached hereto per Rule 40-1(d).

1

Per Docket 9, which went unnoticed in the memorandum, the clerk of the court entered an Order which stated that this appeal will move forward based on appellant's notice of appeal. Additionally, the order stated that the opening brief was filed and because there is no appearance by appellees, briefing is complete. Further, Appellant's motion for appointment of counsel and all other pending motions will be addressed by separate order. (This was based upon Appellant's motion for extension of time which had been granted by the district court and court of appeals.)

## STATEMENT OF CASE

This case tests whether with the passage of time or even the closure of his case without prejudice (state court), does this somehow diminish or evaporate Appellant's state constitutional rights or his rights under state law, to as an example, access his records in the city files. This Appellant tried to do with motions and other pleadings (a slow process) but got nowhere in the state courts who used not only the passage of time to deny his claims but found other unlawful reasons, as well. Even as of today, Defendants/Appellees refuse to so comply and the Court is asked to go forward with this case with a finding that jurisdiction is proper even though there has been some passage of time.

2

Appellant prays that he be allowed to continue and if so, please allow further amendment to his complaint in order to produce a First Amended Complaint.

Respectfully submitted,

M Norman Hammerlord, *Pro Se*     Dated: 25 July 2025

Plaintiff/Appellant

3

**ATTACHMENT**

**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

JUL 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| M. NORMAN HAMMERLORD, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> MARA W. ELLIOTT, San Diego City Attorney; TODD GLORIA, San Diego City Mayor, <br><br> Defendants - Appellees. | No. 24-1095 <br><br> D.C. No. 3:23-cv-00663-JO-KSC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Jinsook Ohta, District Judge, Presiding

Submitted July 15, 2025**

Before: SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

M. Norman Hammerlord appeals pro se from the district court's order

striking post-judgment filings in his 42 U.S.C. § 1983 action alleging various

claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

discretion. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 403-04 (9th Cir. 2010). We affirm.

The district court did not abuse its discretion in striking Hammerlord's post-judgment filings, which were filed months after the district court dismissed the complaint with prejudice, closed the case, and denied Hammerlord's motion for reconsideration of the dismissal. *See id.* at 404 (holding that district courts have the inherent power to control their dockets, including the power to strike filings from the docket).

To the extent that Hammerlord seeks to challenge the district court's orders dismissing the complaint without leave to amend or denying the motion for reconsideration, we lack jurisdiction because Hammerlord failed to file a timely notice of appeal as to those orders. *See* Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(vi); *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007) (requirement of timely notice of appeal is jurisdictional).

All pending motions are denied.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 11. Certificate of Compliance for Petitions for Rehearing/Responses

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s)** | 24-1095

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 40-1, the attached petition for panel

rehearing/petition for rehearing en banc/response to petition is *(select one)*:

⦿ Prepared in a format, typeface, and type style that complies with Fed. R. App. P.
32(a)(4)-(6) and **contains the following number of words:** | 386 .
*(Petitions and responses must not exceed 4,200 words)*

**OR**

◯ In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** | M. Hemmer     **Date** | 25 July 2025
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 11** | *Rev. 12/01/24*